IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1164-NJR |
| | ) |
| DEANNA BROOKHART, MITCHELL W. ERWIN, SAWYER, MCQUEEN, RIGGS, JIMMY, NEIKIRK, SMEARLEY, BFFORD, HUNLY, TITWELL, ACKERMAN, SHARON L. BURCH, JOHN DOE #1, JANE DOE #1, JANE DOE #2, and UNKNOWN PRISON OFFICIALS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Walker alleges a number of constitutional violations by various officers at Lawrence.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Walker's Complaint includes a kitchen sink full of allegations regarding his problems with various officials at Lawrence Correctional Center in 2020. This is not the first time that Walker has tried to submit a multi-claim, multi-defendant Complaint (*See Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB, Docs. 7 and 126; *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM, Docs. 102). Similarly, this Complaint presents a number of claims which Walker seeks to tie together by alleging that the acts all occurred as a result of retaliation by the officials against Walker. The Complaint is broken down into four distinct groups of claims:

### A. Retaliation in the Grievance Process

Walker alleges that Defendants retaliated against him by impeding his ability to file and complete the grievance process (Doc. 1, p. 14). He alleges that staff retaliated in a number of ways throughout the grievance process. For instance, on February 27, 2020, he submitted Grievance #02-20-567 about his conditions of confinement. On May 22, he asked counselor Mitchell Erwin about not receiving the grievance. Erwin indicated he would check into the matter, but Walker did not hear anything for an additional three months (*Id.*). Walker believes that Erwin did not respond because the grievance dealt with issues with staff.

On August 1, 2020, Walker mailed a grievance to the Administrative Review Board ("ARB"). Although Jane Doe #1 indicated she mailed the grievance and Walker was

charged for postage, the ARB did not receive the grievance. Walker believes that Jane Doe #1 held the grievance as an act of retaliation (*Id.*). He mailed a number of grievances out to the ARB and was charged for postage, but the ARB never received the grievances. He believes on each occasion Jane Doe #1 failed to mail the grievance as an act of retaliation (*Id.* at pp. 14-16). She also withheld a grievance until past the deadline to appeal in order to prevent a timely exhaustion (*Id.* at p. 16).

Walker submitted Grievance # 04-20-437 about his conditions of confinement to the grievance office but he never received a response. He wrote a request about the status and learned it was returned, but he never received it. He believes one of the officers, Sawyer, Neikirk, McQueen, or Riggs, withheld the grievance as an act of retaliation (*Id.* at p. 14). Walker alleges that this occurred on a number of occasions. He would submit the grievance, ask for a status, and learn it had been returned, but he never received the grievance. He believes that the officers on his wing withheld the grievance out of retaliation. Those officers include: Riggs, Jimmy, Neikirk, Smearely, Bfford, Hunly, Titwell, and Ackerman (*Id.* at pp. 15-16).

On November 5, 2020, Walker submitted a grievance to the law library for copying (*Id.* at p. 16). John Doe #1 was responsible for emptying the request box, and Burch was responsible for making copies in the law library. Walker did not receive the copies until November 16, 2020, three days past the appeal deadline. Walker believes that John Doe #1 and Burch delayed the return of his grievances as an act of retaliation (*Id.* at p. 16).

Walker wrote grievances about the above conduct which Brookhart denied (*Id*.). Walker believes that all of the defendants sought to prevent him from timely pursuing the exhaustion process as acts of retaliation.

**B. Issues with Legal Mail**

Walker also alleges a dispute between himself and Jane Doe #1 in the mailroom regarding legal mail. On May 18, 2020, he sent three envelopes to Nation Legal Professional Associates ("NLPA"), but they were returned with a note indicating that the envelopes should not have been sealed because the NLPA did not qualify as legal-mail (*Id*. at p. 16). Walker disputed whether the materials he was sending were legal mail and should be allowed to be sealed and labeled as legal mail (*Id*. at p. 17). He sent a request to Brookhart to have the materials labeled legal mail, but she did not respond (*Id*.). Walker argues that he was denied the ability to pursue his legal rights. He believes this was done out of retaliation.

Walker also alleges that he received a number of legal letters which were opened and had missing pages. For instance, he received a copy of a 203-page complaint which was missing 100 pages. The envelope was destroyed and there was a message from the United States Postal Service ("USPS") indicating that the letter was destroyed during its handling by the postal service (*Id*. at pp. 17-18). Neikirk brought him one such destroyed envelope after conducting a cell search that Walker believes was an act of retaliation (*Id*.). Although Walker sought more information about the destruction of his mail, Jane Doe #1 would not provide him with additional information. He believes that the failure to provide him more information was an act of retaliation by Jane Doe #1 and the officers

who brought the mail. This includes Neikirk and Riggs (*Id*. at pp. 18-19). He further alleges that another letter was returned to him by the postal service, and he believes Jane Doe #1 altered the address to prevent its delivery (*Id*. at p. 19).

### C. Denial of Legal Boxes

Walker sought to obtain access to extra legal storage boxes in order to obtain a petition from his boxes (*Id*. at p. 19). Although he requested access from Burtch, in the law library, his call passes were cancelled in December 2020 and February 2021 because access was limited to inmates on quarantine per Brookhart's instructions (*Id*. at pp. 19-20). He missed three court deadlines to file the petition because he was not able to retrieve his legal boxes (*Id*. at p. 20). Walker believes this was a violation of Administrative Directive 5.10.110/115 (*Id*.). Walker alleges that Brookhart, Burtch, and various unknown prison officials denied him access to his legal boxes (*Id*.).

### D. Stolen Grievance

On June 27, 2020, Walker submitted a grievance about his conditions of confinement in the grievance box. He did not receive a response and learned in July that the grievance office had not received the grievance (*Id*. at p. 21). Although he does not know who was in charge of emptying the grievance box, he believes this John Doe prevented him from submitting the grievance as an act of retaliation. Brookhart denied his grievance regarding the missing grievance (*Id*.). Walker believes all of the defendants collectively make it difficult to file grievances or access the law library in an attempt to retaliate against Walker and prevent him from exhausting his claims (*Id*. at pp. 21-22). He alleges claims under the First, Fifth, and Fourteenth Amendments.

## Discussion

There are a number of issues with Walker's Complaint. Although he has been warned before about filing large, complex Complaints (his Complaint, with exhibits, numbers 138 pages) against multiple defendants, Walker continues to file Complaints with numerous defendants and multiple, seemingly unrelated claims. In this case, it appears that he tries to tie the claims together by alleging that Brookhart participated in the various acts by denying grievances related to the conduct. But the mere mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). The only claim which Brookhart appears to be personally involved in is the denial of access to his legal boxes.

Because Brookhart appears to be the only defendant tying all of the claims together, several of his claims are improperly joined. *See* Fed. R. Civ. P. 20(a)(2). Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Continuing to file complaints with numerous, unrelated claims will result in the dismissal of those unrelated claims.

Walker's allegations also fail to state any constitutional claims. Although he alleges a number of issues with his grievances and argues that the actions were in retaliation for filing grievances, his claims fail to adequately allege that his "First Amendment activity was at least a motivating factor in the decision to impose the

6

deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). He offers nothing, other than the bare and conclusory statement that various defendants acted with retaliatory animus. These unsupported claims are mere speculation which "rests only on personal beliefs that cannot be substantiated." *Sanders v. Bertrand*, 72 F. App'x 442, 445 (7th Cir. June 27, 2003) (dismissing retaliation claim at merit review). *See Santiago v. Anderson*, 496 F. App'x 630, 633–34 (7th Cir. 2012) ("[Plaintiff's] premise— that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading."). Mere speculation gives rise to no constitutional claim. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Tamayo v. Blagoyevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Although he identifies a number of instances where his grievances were delayed or lost in the mail, Walker offers nothing beyond his own speculation that retaliation must have been the reason for the issues with his grievances. In some instances, he does not even point to the actual individual who he believes lost or stole his grievance, instead providing a list of potential individuals who could have had access to his grievances. There are simply no facts to suggest retaliation on the part of any of the defendants.

Similarly, Walker fails to offer any allegations which state a claim regarding his stolen grievance. He has not offered enough facts to state a claim against the John Doe #1 because he does not allege when the grievance was taken, who he believes took the grievance (other than a John Doe with no identifying information), or how the John Doe's alleged actions were an act of retaliation.

7

Walker also fails to state a claim regarding his legal mail. To the extent that he alleges issues with his legal mail were acts of retaliation, again, he offers nothing beyond his own speculations. He also fails to allege that the destruction of his 200-page complaint was even caused by the defendants. In fact, Walker acknowledges that the USPS admitted that it destroyed the documents, but he appears to be disgruntled by the fact that defendants could not provide any further information than what the USPS provided. But there is no indication that their inability to provide more information was an act of retaliation.

Walker also fails to state any access to court claim regarding his mail or access to his legal boxes. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* Walker fails to allege such a connection.

In regard to his legal mail, he merely states he was not allowed to send it in a sealed envelope and that hampered his ability to pursue his legal rights, but he never alleges that any challenge or court proceeding was prejudiced. Similarly, with respect to access to his legal boxes—although he indicates that he missed court deadlines—he fails to

8

indicate whether his petition was ultimately dismissed or if he suffered any prejudice as a result of his lack of access.

Because Walker fails to state a claim, his Complaint is **DISMISSED without prejudice**. Walker is **GRANTED** leave to amend his Complaint. If he chooses to do so, Walker must comply with the instructions and deadlines set forth below. In his Amended Complaint, he should limit his claims to only those which are properly joined. *See* Fed. R. Civ. P. 20(a)(2).

## Disposition

For the reasons stated above, Walker's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **January 17, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Walker's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Walker must re-file any exhibits he wishes the Court to

9

consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Walker is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 20, 2022

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**