IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 22-cv-1164-NJR ) ) |
| DEANNA BROOKHART and SHARON L. BURTCH, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. On June 6, 2022, Walker filed a Complaint which was later dismissed because it included numerous defendants and multiple unrelated claims (Docs. 1, 7). Walker was allowed to amend his Complaint. In the Amended Complaint (Doc. 10), Walker alleges Defendants interfered with his access to the courts when they denied him access to his legal boxes.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Walker makes the following allegations: In November 2020, Walker received mail from the Illinois Appellate Court informing him of a January 9, 2021 deadline to file his petition regarding his criminal conviction with the Court. He informed Sharon L. Burtch of his deadline (Doc. 10, p. 15). Walker later filed a motion requesting an extension of time to file his petition because his cellhouse was on lockdown. He was granted an extension to February 9, 2021. He received a second extension to March 19, 2021. Despite making repeated requests to Burtch, and requesting access to his legal boxes to retrieve his petition and exhibits, his requests were denied. His call passes were cancelled due to lockdowns. Walker was also unable to access case law and legal books. In January 2021, he inquired of Burtch about his needs and requested a legal exchange in his cell house. Burtch informed him that Brookhart was only allowing inmates in quarantine to have legal exchange in the cell house. His call passes continued to be denied throughout February 2021 due to lockdowns implemented by Brookhart. Because of the denial of access to his legal materials, Walker missed his deadline to file his petition and his case was dismissed on July 23, 2021 (*Id*. at p. 16). Defendants Brookhart and Burtch continued to deny him access to the law library until August 6, 2021 (*Id*. at p. 17). By then, his case had already been dismissed (*Id*.).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following Count:

> **Count 1:** First and/or Fourteenth Amendment access to courts claim against Burtch and Brookhart for denying Walker access to his legal boxes and the law library.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Walker states a claim in Count 1 against Burtch and Brookhart in their individual capacities. Walker adequately alleges that Defendants denied him access to his legal boxes and the law library. As a result, his petition on appeal regarding his criminal conviction was dismissed. See *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (The complaint "must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.") (internal quotation and citation omitted); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (articulating two-part test for access-to-courts claim: officials must have failed to assist in the preparation and filing of legal materials and the plaintiff must show he suffered a detriment caused by the failure).

To the extent Walker seeks to bring a claim against either defendant in their official capacity, he fails to state a claim. Walker's bald assertion that his denial of access to his legal materials and research was carried out in accordance with general policies and procedures at Lawrence is threadbare and does not indicate what policy either defendant implemented. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). Thus, Walker's official capacity claims against Defendants are **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Deanna Brookhart and Sharon L. Burtch in their individual capacities only.

---

[1] This includes any claim alleged by Walker under the Fifth Amendment as he fails to indicate in his Amended Complaint how his Fifth Amendment rights were violated by Defendants' actions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Defendants Brookhart and Burtch: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Walker. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven**

4

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 20, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**